**Opinion filed November 17, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00361-CR

_____

## EDWARD MACK KILE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 2072**

## M E M O R A N D U M   O P I N I O N

The jury convicted Edward Mack Kile of the offense of murder, made an affirmative deadly weapon finding, and assessed punishment at confinement for life and a $10,000 fine. We affirm.

In his sole issue on appeal, appellant challenges the factual sufficiency of the evidence with respect to the jury's rejection of his defense of temporary insanity. Insanity is an affirmative defense to criminal responsibility that applies when it is shown "that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PENAL CODE ANN. § 8.01 (West 2011). A defendant bears the

burden of proving insanity by a preponderance of the evidence. *Id.* On appeal, an appellate court reviews a challenge to the factual sufficiency of the evidence with respect to an affirmative defense by determining "whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust." *Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990); *Lantrip v. State*, 336 S.W.3d 343 (Tex. App.—Texarkana 2011, no pet.); *see also Brooks v. State*, 323 S.W.3d 893, 924 & n.67 (Tex. Crim. App. 2010) (Cochran, J., concurring).[1]

The record shows that appellant shot James Smith and Sandra Harmes with a .22 rifle. Smith died, but Harmes survived. Appellant and Harmes had previously had a romantic relationship and had lived together for a few years. They had ceased living together approximately six weeks prior to this offense but had just returned from a weekend trip together on the day preceding this offense. The record shows that appellant, Harmes, and Smith were all drinking beer at a bar in Coleman. Harmes left and went home around 11:30 p.m. She had told Smith he could spend the night at her house, which was not far from the bar, rather than drive home drunk. Smith arrived at Harmes's house around midnight. Shortly thereafter, appellant began calling Harmes's cell phone. She answered it and told appellant that Smith, who was also a friend of appellant's, was there. Appellant continued to call, but Harmes turned her phone off.

As Harmes and Smith were sitting in her den on the couch, appellant walked in with his rifle, almost immediately shot Smith just above his lip, and shortly thereafter shot Harmes near her jaw. According to Harmes, who was married to appellant at the time of trial, appellant's gun kept jamming or something while he was trying to fire it. She recalled appellant saying, "Fire dammit." She also recalled appellant saying, "I'm sorry, James. I'm sorry, Bug." Bug is Harmes's dog. Harmes asked appellant if he was going to kill the dog too, and appellant replied, "No, I'm not going to kill the dog."

Appellant left Harmes's residence, threw the rifle in a ditch next to a dirt road near town, and was stopped by police at 1:15 a.m. for driving erratically. As the officers were about to

---

[1]In addition to the court in *Lantrip*, other courts of appeals have considered whether *Brooks* affects the standard of review to be applied when a defendant challenges the factual sufficiency of the evidence with respect to an affirmative defense and have concluded that it does not and that the *Meraz* standard of review is still appropriate. *See Moncivais v. State*, No. 01-09-01131-CR, 2011 WL 2936360, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2011, pet. filed); *Bernard v. State*, No. 14-10-00044-CR, 2011 WL 1375570, at *2 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. ref'd); *Smith v. State*, No. 01-09-00634-CR, 2011 WL 1233367, at *8 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, pet. ref'd); *Johnson v. State*, No. 05-09-00133-CR, 2010 WL 5142392 (Tex. App.—Dallas Dec. 20, 2010, pet. ref'd) (not designated for publication); *see also Godin v. State*, No. 04-10-00784-CR, 2011 WL 4828484, at *3 (Tex. App.—San Antonio Oct. 12, 2011, no pet. h.) (mem. op., not designated for publication).

place appellant into custody for driving while intoxicated, they received a priority call from dispatch regarding a shooting. The officers let appellant go and went to the scene of the shooting: Harmes's residence. When they arrived, they found appellant's cell phone near the fence. The officers also observed that all four tires on Smith's pickup had been slashed.

Harmes testified that appellant's actions the night of the shooting were uncharacteristic for him. Appellant testified that he did not remember much of what happened after Smith told him that night while at the bar that Smith was going to Harmes's house to have sex with her. Appellant testified that the rest of the night seemed like "a dream," like "this is happening and I'm watching it" but "don't have any control over what's going on."

A neuropsychologist, Dr. Sam Brinkman, examined appellant prior to trial. Dr. Brinkman also reviewed documents relating to this case, the investigative statements, and the taped interviews of appellant and Harmes. Dr. Brinkman concluded that appellant was legally sane at the time of the offense and that appellant knew his conduct was wrong at the time it occurred. Dr. Brinkman, however, agreed that temporary insanity "is a possible condition" and that appellant described a partially dissociative episode, which tends to occur in extreme emotional circumstances. According to Dr. Brinkman, this type of dissociation is not a mental defect.

We hold that the evidence is sufficient to support the jury's determination that appellant failed to prove he was insane at the time of the offense. In addition to Dr. Brinkman's opinion that appellant was sane at the time of the offense, there was other evidence to support the jury's finding. Appellant climbed the fence and snuck into Harmes's residence. Appellant was able to converse with Harmes and answer her questions during the offense. Appellant told Harmes that Smith was dead. Appellant apologized for his actions, fled the scene, and got rid of the rifle. The judgment is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


TERRY McCALL

November 17, 2011                                    JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3