**Opinion issued December 30, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00832-CR**

———————————

**GREGORY GRIFFIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1368938**

---

**O P I N I O N**

A jury convicted appellant Gregory Griffin of murder, and the jury assessed punishment at 55 years in prison. *See* TEX. PENAL CODE § 19.02. On appeal, Griffin contends that the court erred by denying his request for an instruction on the lesser-included offense of aggravated assault during the guilt-innocence phase

of trial, and by denying his request for an instruction on sudden passion during the punishment phase. We affirm.

## Background

Griffin worked as an armed security guard, and his employer assigned him to work at a meat market in north Houston. In November 2013, Griffin ceased communications with his employer, which led to his termination. Despite being terminated, he nevertheless went to the meat market the next week to work his assignment. Griffin's employer had sent another guard, complainant Jose Argueta, to work at the meat market that day.

When Griffin arrived at the market, the owner of the store confronted him in the parking lot and notified him that another security guard had taken his place. Griffin told the owner that he had started his own security company and that he was not going to leave because it was "his job."

At this point, Argueta walked out of the store. Griffin shot him multiple times, including once in the head. He then asked the owner to go back inside the store and call the police, which she did. Argueta was pronounced dead at the scene. In a subsequent recorded statement and in testimony at trial, Griffin stated that Argueta "acted first" and "went for his pistol" as he walked towards him. Griffin stated that he fired in self-defense and did not intend to kill Argueta.

The case was submitted to the jury on the charge of murder, including a legal instruction on the law of self-defense, which stated in part: "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force." The jury found Griffin guilty of murder. The sentencing phase immediately followed, and Griffin requested a jury instruction on sudden passion, which was denied. The jury returned its verdict assessing punishment at confinement for 55 years. The trial court entered judgment on the verdict, and Griffin filed a timely notice of appeal.

**Analysis**

Griffin brings two issues on appeal. He first argues that the trial court erred during the guilt-innocence phase of trial when it denied his request for an instruction on the lesser-included offense of aggravated assault. He also argues that the trial court erred again during the punishment phase when it denied his request for an instruction on the law of sudden passion.

## I.  Lesser-included offense instruction

Griffin contends that trial court erred by refusing to charge the jury on aggravated assault as a lesser-included alternative to the charge of murder. In deciding whether the jury should have been charged on a lesser-included offense, we apply a two-pronged test. *See Cavazos v. State*, 382 S.W.3d 377, 382–83 (Tex.

Crim. App. 2012). First, we determine as a matter of law whether the offense is a lesser-included offense of the offense alleged in the indictment. *Id*. An offense is a lesser-included offense if:

> (1)  it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

> (2)  it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

> (3)  it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

> (4)  it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

Second, we determine whether there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Cavazos*, 382 S.W.3d at 383. This second prong of our inquiry is a question of fact, and a defendant is entitled to an instruction on a lesser-included offense "if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Id*. It is not enough that the jury may disbelieve evidence pertaining to the greater offense; rather, there must be some evidence directly germane to the lesser-included offense for the factfinder to consider before an instruction on the lesser-offense is warranted. *Sweed v. State*, 351 S.W.3d 63, 68

4

(Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). Thus, the standard may be satisfied if some evidence refutes other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. *Id*.

In this case, Griffin was charged with murder under two definitions in the Penal Code. Those definitions provide that a person commits the offense of murder if he "intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE § 19.02(b)(1) & (2).

Griffin contends that the jury also should have been instructed on the offense of aggravated assault. A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." *Id*. § 22.01(a)(1). The offense of assault becomes an aggravated assault if the offender additionally causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. *Id*. § 22.02(a). The State concedes that aggravated assault is a lesser-included offense with respect to the second definition of murder and satisfies the first prong of our inquiry. *See, e.g.*, *Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000).

Nevertheless, under the second prong of our inquiry, the trial court erred only if there is some evidence in the record that would permit a rational jury to find

that Griffin is guilty only of the lesser-included offense of aggravated assault, and not also of the greater offense of murder. *Cavazos*, 382 S.W.3d at 383. Griffin argues that his testimony that he did not intend to kill Argueta constitutes evidence that would permit a rational jury to find that he is guilty only of aggravated assault. Griffin admits, however, that he intended to shoot Argueta, and that he caused his death.

The Court of Criminal Appeals rejected a similar argument in *Forest v. State*, 989 S.W.2d 365 (Tex. Crim. App. 1999). In that case, the court determined that the defendant's testimony that he did not intend to kill the victim, but only intended to shoot the victim "in the butt" during a brawl, did not entitle him to an instruction on aggravated assault because he intended to cause serious bodily injury to the victim, and firing the gun at the victim was clearly dangerous to human life. *Id*. at 368. Thus the defendant's testimony established him to be "at the least . . . guilty of murder under Texas Penal Code § 19.02(b)(2)." *Id*. A murder defendant is not entitled to an instruction on aggravated assault when the evidence shows him to be guilty of a homicide at a minimum. *Id*.; *Jackson v. State*, 992 S.W.2d 469, 475 (Tex. Crim. App. 1999).

As in *Forest*, the undisputed evidence at trial established that Griffin: (1) intended to cause serious bodily injury to Argueta by shooting him multiple times; (2) committed an act clearly dangerous to human life when he fired the gun

at Argueta; and (3) caused Argueta's death. Thus the evidence established that if Griffin was guilty of anything, the offense constituted murder under section 19.02(b)(2). Accordingly, the trial court did not err when it denied Griffin's request for an instruction on aggravated assault during the guilt-innocence phase of trial. *Forest*, 989 S.W.2d at 368. Accordingly, we overrule Griffin's first issue.

## II.     Sudden-passion instruction

In his second issue, Griffin argues that the trial court erred by denying his request for a jury instruction on sudden passion at the punishment phase of trial.

During the punishment phase of a murder trial, a defendant may argue that he caused the death while under the immediate influence of a sudden passion arising from an adequate cause. TEX. PENAL CODE § 19.02(d). "If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree." *Id*. "Sudden passion" is defined for these purposes as "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. *Id*. § 19.02(a)(2). The "adequate cause" giving rise to sudden passion for these purposes is a cause "that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id*. § 19.02(a)(1).

An accused is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether that evidence is weak, contradicted, unimpeached, or unbelievable. *Trevino v. State*, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003). The defendant has the burden of production and persuasion with respect to the issue of sudden passion. TEX. PENAL CODE § 19.02(d); *Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013). To justify an instruction on the issue of sudden passion at the punishment phase, at a minimum the record must support inferences that: (1) the defendant acted under the immediate influence of a passion such as terror, anger, rage, or resentment; (2) his sudden passion was in fact induced by some provocation by the deceased or another acting with him, which provocation would commonly produce such a passion in a person of ordinary temper; (3) he committed the murder before regaining his capacity for cool reflection; and (4) a causal connection existed "between the provocation, passion, and homicide." *Wooten*, 400 S.W.3d 605. If the reviewing court agrees that a trial court erred by failing to submit a sudden passion instruction, then it must analyze whether the error harmed the appellant. *Id*. at 606.

In considering whether any evidence was raised on this punishment issue, we review the record from both the guilt-innocence and punishment phases of the trial. *Trevino*, 100 S.W.3d at 238. We review evidence offered in support of a defensive issue in the light most favorable to the defense. *Granger v. State*, 3

S.W.3d 36, 38 (Tex. Crim. App. 1999). The evidence may not, however, be so weak, contested, or incredible that it could not support such a finding by a rational jury. *See McKinney*, 179 S.W.3d at 569; *Moore v. State*, 969 S.W.2d 4, 11 (Tex. Crim. App. 1998). "The mere fact that a defendant acts in response to the provocation of another is not sufficient to warrant a charge on sudden passion. Instead, there must be some evidence that the defendant was under the immediate influence of sudden passion." *Trevino*, 100 S.W.3d at 241.

The only evidence Griffin relies upon to support his request for the sudden-passion instruction is his testimony affirming that he acted in "fear" for his life because Argueta "acted first" and "went for his pistol." Given this evidence, he argues that he established by a preponderance of the evidence that he acted under the immediate influence of a sudden passion. Moreover, he argues that because a self-defense instruction was given at the guilt-innocence phase, the requested instruction on sudden passion at the punishment phase also should have been given. For this legal proposition, Griffin relies upon *Trevino v. State*, 60 S.W.3d 188 (Tex. App.—Fort Worth 2001), *aff'd* 100 S.W.3d 232 (Tex. Crim. App. 2003), in which the Fort Worth court of appeals observed that "[w]hen the defendant raises issues of self-defense during the guilt/innocence phase of trial, the issue of sudden passion is typically also raised. . . . Accordingly, trial courts should give both instructions when requested." *Trevino*, 60 S.W.3d at 195 (quoting *Chavez v.*

9

*State*, 6 S.W.3d 66, 72–73 (Tex. App.—San Antonio 1999, pet. ref'd)). Similar language can be found in other cases, albeit in the context of different types of legal challenges. *See, e.g.*, *Chavez*, 6 S.W.3d at 72–73 (ineffective assistance of counsel for failure to request sudden-passion instruction); *Benavides v. State*, 992 S.W.2d 511, 524–25 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (legal sufficiency of evidence to support murder conviction).

To the extent the truism that self-defense evidence typically also raises the issue of sudden passion is borne out factually in most scenarios presenting questions of legal justification and sudden passion, the observation does not excuse us from the legal analysis necessary to determine whether a sudden-passion instruction was required in this case. That is, applying the definition in the Penal Code, we still must determine whether Griffin caused Argueta's death under the immediate influence of sudden passion arising from an adequate cause. TEX. PENAL CODE § 19.02(a)(1) & (2), (d); *McKinney*, 179 S.W.3d at 569. A comparison of the legal standards to justify jury instructions on self-defense (at guilt-innocence) and sudden passion (at punishment) demonstrates that materially different legal inquiries are involved, such that it is not the case that, as a matter of law, every circumstance in which a trial court grants an instruction on self-defense will also support an instruction on sudden passion if requested.

| Self-defense<br>(TEX. PENAL CODE ANN. § 9.31(a)) | Sudden passion<br>(TEX. PENAL CODE ANN. § 19.02(d)) |
|---|---|
| "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force" | "the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause" |

*Compare* TEX. PENAL CODE ANN. § 9.31 (self-defense), *with id.* § 19.02(a)(1) & (2), (d) (sudden passion); *see also Fry v. State*, 915 S.W.2d 554, 559 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (explaining that evidence of self-defense is not the same as evidence of sudden passion: "An actor who fears for his life may coolly and deliberately dispatch his assailant without panic or hysteria.").

In this case, Griffin's self-defense evidence—his testimony that he shot his weapon out of fear when Argueta "acted first" and "went for his pistol"—supports an inference that Griffin responded to some provocation. But standing alone, this testimony does not support an inference that he acted under the immediate influence of a passion such as terror, anger, rage, or resentment. Nor does any other evidence in the record demonstrate that Griffin acted under a passion such as terror, anger, rage, or resentment. Viewed in the light most favorable to Griffin, his testimony establishes at most that he feared Argueta drawing his pistol, but "a bare claim of 'fear'" does not demonstrate "sudden passion arising from adequate cause." *See Daniels v. State*, 645 S.W.2d 459, 460 (Tex. Crim. App. 1983).

Because no evidence demonstrates that Griffin acted under the immediate influence of terror, anger, rage, or resentment, the trial court did not err by denying an instruction on sudden passion.

Accordingly, we overrule Griffin's second issue.

## Conclusion

Having overruled Griffin's two issues, we affirm the trial court's judgment.


Michael Massengale
Justice

Panel consists of Justices Jennings, Sharp, and Massengale.

Publish.  TEX. R. APP. P. 47.2(b).