

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00569-CR

Richard Alexander **VALLEJO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR10924
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: February 28, 2024

AFFIRMED

Appellant Richard Alexander Vallejo appeals his murder conviction and contends the trial court erred by denying his request for a sudden passion jury instruction. We affirm the judgment of conviction.

## BACKGROUND

Vallejo was charged with the murder of Andrew Gomez. At trial, the jury heard evidence Gomez worked at a tire rental business, and Vallejo rented a set of tires from him in April 2020. When Vallejo fell behind on his payments, Gomez started texting Vallejo about the missed

payments, and in June 2020, Gomez told Vallejo he was going to repossess the property. The evidence shows Gomez drove to Vallejo's father's house, looking for Vallejo, but Vallejo was not at the house. Gomez then texted Vallejo, stating he was at Vallejo's father's house. According to Vallejo, Gomez's text messages were threatening.

Approximately fifteen minutes later, Vallejo arrived at the house, where he found Gomez and his father sitting at a table in the front yard. A video shows Vallejo backing his truck into the front yard of the house, getting out of his truck holding a pistol, and walking up to Gomez saying, "You want to be threatening me?" By this time, Gomez is standing and walking toward Vallejo. Vallejo then shoots Gomez six times.

The jury ultimately found Vallejo guilty of murder, and during the punishment phase of trial, Vallejo requested a sudden passion jury instruction, arguing the evidence showed he acted under the influence of anger. The trial court denied the request, and the jury sentenced Vallejo to life imprisonment. Vallejo now appeals, contending he was entitled to a jury instruction on sudden passion because there was sufficient evidence to raise the issue. According to Vallejo, because the trial court erred, he suffered some harm, preventing the jury from sentencing him for a second-degree felony as opposed to a first-degree felony.

## SUDDEN PASSION INSTRUCTION

"Once a defendant has been found guilty of murder, he may argue during the punishment phase that he caused the person's death while under the immediate influence of sudden passion arising from an adequate cause." *Rivas v. State*, 473 S.W.3d 877, 883 (Tex. App.—San Antonio 2015, pet. ref'd) (citing TEX. PENAL CODE § 19.02(d) and *Trevino v. State*, 100 S.W.3d 232, 240 (Tex. Crim. App. 2003)). "[M]urder committed under the 'immediate influence of sudden passion arising from an adequate cause' is a second-degree felony carrying a maximum punishment of twenty years' imprisonment." *Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013)

(quoting TEX. PENAL CODE 19.02(d)); *Herrera v. State*, 513 S.W.3d 223, 224–25 (Tex. App.—San Antonio 2016, no pet.). "Sudden passion is 'passion directly caused by and arising out of provocation by the individual killed' which arises at the time of the murder." *Wooten*, 400 S.W.3d at 605 (quoting TEX. PENAL CODE § 19.02(a)(2)); *Herrera*, 513 S.W.3d at 225. "Adequate cause is a 'cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.'" *Wooten*, 400 S.W.3d at 605 (quoting TEX. PENAL CODE § 19.02(a)(1)); *Herrera*, 513 S.W.3d at 225.

"Neither ordinary anger nor fear alone raises an issue on sudden passion arising from adequate cause." *Moncivais v. State*, 425 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see Hernandez v. State*, 127 S.W.3d 206, 213–14 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). And "[t]he mere fact that a defendant acts in response to the provocation of another is not sufficient to warrant a charge on sudden passion." *Trevino*, 100 S.W.3d at 241. A defendant also may not rely on a cause of his own making to support an argument for a sudden passion instruction. *See, e.g.*, *Moncivais*, 425 S.W.3d at 407; *Hernandez*, 127 S.W.3d at 211.

The defendant has the burden of production and persuasion on the issue of sudden passion. *See Wooten*, 400 S.W.3d at 605. To justify the instruction, the record must "minimally support an inference": 1) "the defendant in fact acted under the immediate influence of a passion such as terror, anger, rage, or resentment"; 2) "his sudden passion was in fact induced by some provocation by the deceased or another acting with him, which provocation would commonly produce such a passion in a person of ordinary temper"; 3) "he committed the murder before regaining his capacity for cool reflection"; and 4) "a causal connection existed 'between the provocation, passion, and homicide.'" *Beltran v. State*, 472 S.W.3d 283, 294 (Tex. Crim. App. 2015) (quoting *Wooten*, 400 S.W.3d at 605). The evidence supporting the submission of an instruction may be "weak, impeached, contradicted, or unbelievable." *Wooten*, 400 S.W.3d at 605. Our "duty is to look at

the evidence supporting the charge of sudden passion, not the evidence refuting it." *Beltran*, 472 S.W.3d at 294.

If we ultimately determine the trial court erred by failing to submit a sudden passion instruction and the error was preserved, then we must determine whether the appellant suffered "some harm." *Wooten*, 400 S.W.3d at 606; *Rivas*, 473 S.W.3d at 884. We undertake a harm analysis as set forth in article 36.19 of the Texas Code of Criminal Procedure. *Wooten*, 400 S.W.3d at 606 (citing TEX. CODE CRIM. PROC. art. 36.19). We evaluate the degree of harm by viewing the complete jury charge, counsel's arguments, the entirety of the evidence, "including the contested issues and the weight of the probative evidence, and any other relevant factors contained in the record." *Rivas*, 473 S.W.3d at 884 (citing *Wooten*, 400 S.W.3d at 606)*.* "[W]e focus on the evidence and record to determine the likelihood that a jury would have believed that the appellant acted out of sudden passion had it been given the instruction." *Wooten*, 400 S.W.3d at 606; *see Rivas*, 473 S.W.3d at 884.

### *Application*

To support his argument, Vallejo relies on his testimony stating he shot Gomez because he was scared, angry, and worried by the fact Gomez was at his father's house. At trial, Vallejo testified Gomez started calling him about his past due payments, but he did not answer the calls. Vallejo testified Gomez then texted he would be "hitting up" Vallejo's family or whatever truck he could find. Vallejo testified he texted Gomez he was working on making a payment, and he did not become concerned about the text messages until Gomez started sending him pictures showing Gomez standing in front of Vallejo's parents' house. Vallejo stated he told Gomez he would be there in fifteen minutes, and when he arrived at the house, he believed Gomez was going to harm his family. As a result, he exited his truck holding a pistol. Vallejo said he approached

Gomez, and they began yelling back and forth. Vallejo testified Gomez said he had a gun, and he saw Gomez with a "bulge," which he believed was a gun. Vallejo testified he then shot Gomez.

Here, Vallejo's testimony shows several minutes elapsed between when he received Gomez's text messages and when he arrived at his parent's house and shot Gomez, evidencing Vallejo did not act under the immediate influence of passion. *See McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005) (holding instruction on sudden passion is proper only when sudden passion arose out of provocation by deceased *at time of offense*). Vallejo's testimony also demonstrates he had time to regain his capacity for cool reflection and his conduct was not a spontaneous response to Gomez's provocation. *See Moncivais*, 425 S.W.3d at 407 ("A defendant must prove that the homicide occurred while the passion still existed and before there was reasonable opportunity for the passion to cool.") (citing *McKinney*, 179 S.W.3d at 569). Additionally, Vallejo's belief Gomez was going to harm his family and had a gun is not enough to support a sudden passion instruction. *See Rodriguez v. State*, 546 S.W.3d 843, 859 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (reasoning mere allegation appellant may have shot victim because he feared partygoers at victim's party would hurt him was not enough alone to support sudden passion instruction); *Griffin v. State*, 461 S.W.3d 188, 192–93 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (reasoning testimony appellant shot victim out of fear when victim "acted first" and "went for his pistol" did not support inference appellant acted under immediate sudden passion). As stated by the Texas Court of Criminal Appeals, "a bare claim of fear does not demonstrate sudden passion arising from adequate cause." *Daniels v. State*, 645 S.W.2d 459, 460 (Tex. Crim. App. 1983) (internal quotation marks omitted). Accordingly, we hold the trial court did not err by denying Vallejo's request for a sudden passion jury instruction; we therefore overrule his sole issue on appeal.

## CONCLUSION

Having overruled Vallejo's sole issue, we affirm the trial court's judgment of conviction.

Luz Elena D. Chapa, Justice

Do Not Publish